**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Tasha R. Finley,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro; et al.,<br><br>　　　　　Respondents. | No. CIV 08-676-PHX-GMS (GEE)<br><br>**REPORT AND**<br>**RECOMMENDATION** |

On April 7, 2008, Tasha R. Finley, an inmate confined in the Arizona State Prison Complex in Goodyear, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1]  Before the court are the petition, the answer, and a reply.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition.  It is time-barred.


Summary of the Case

Finley was convicted after a jury trial of felony murder, attempted armed robbery, burglary, kidnapping, and conspiracy to commit armed robbery. (Respondents' answer, p. 4.) On March 10, 1994, the trial court imposed a sentence of lifetime imprisonment without

1 possibility of parole for 25 years for felony murder. *Id.* For the remaining convictions, the court imposed concurrent sentences of 7.5 years', 10.5 years', 10.5 years', and 7 years' imprisonment respectively. *Id.*

Finley filed a timely notice of appeal on March 16, 1994. *Id.* She raised only one issue: Did the trial court err by giving the jury a Pinkerton instruction? *Id.* The court of appeals found the instruction was error and reversed Finley's conviction and sentence for kidnapping. *Id.*, p. 5. The court affirmed Finley's remaining convictions and sentences. *Id.*

On August 8, 1995, Finley filed a pro se petition for review with the Arizona Supreme Court. She raised the following claims of error: (1) she was tried before a tainted and biased jury, (2) the prosecutor commented on her failure to testify or present witnesses, (3) the trial court gave a Pinkerton instruction, (4) the trial court improperly amended the indictment by redacting the name of her co-conspirator, (5) the evidence was insufficient for a conviction, (6) the trial court failed to instruct the jury as to lesser included offenses, and (7) the trial court did not define "reasonable doubt." (Respondents' answer, pp. 5-6; Exhibit J, p. 12.) The Arizona Supreme Court denied review on January 17, 1996. (Respondents' answer, p. 6.)

Previously, on March 27, 1995, Finley filed a notice of post-conviction relief with the trial court. *Id.* This notice was dismissed as unripe, but after several more false starts, Finley eventually succeeded in having the trial court accept her notice of post-conviction relief in July of 1995. *Id.*, p. 7. She filed her pro se petition in May of 1996, and raised the following claims: (1) the trial court gave the jury a Pinkerton instruction, (2) a "spent" bullet could have caused the death of the victim, (3) the trial court excluded evidence that the defendant was under the influence of drugs during the offense, (4) co-conspirator Conway gave inconsistent and perjured testimony, (5) the trial court allowed improper hearsay in the form of a redacted confession, (6) the state presented impeached testimony from co-conspirator Conway, (7) the prosecution allowed testimony that was inconsistent and left uncorrected, (8) the jury was tainted and biased, (9) the evidence did not support the convictions, (10) the trial court improperly amended the grand jury bill to omit Conway's name, (11) the trial court refused to instruct the jury on

1 lesser included offenses, and (12) the trial court did not define "reasonable doubt." *Id.*, pp. 7-8.
2 The trial court dismissed the petition on October 28, 1996.

3       On August 26, 1998, Finley filed a second notice of post-conviction relief. *Id.*, p. 9.
4 The trial court dismissed the notice as untimely on October 23, 1998. *Id.*

5       On October 20, 2004, Finley filed a third notice of post-conviction relief. *Id.*, p. 10.
6 The trial court dismissed the notice as untimely. *Id.* Finley filed motions for reconsideration,
7 but they were all denied by the trial court. *Id.*, p. 11.

8       On August 8, 2005, Finley filed a Motion to Enforce Proffered Plea Deal Due to
9 Ineffective Counsel that the trial court interpreted as a fourth notice of post-conviction relief.
10 *Id.*, p. 12. The trial court found her issues precluded on September 16, 2005. *Id.* Finley filed
11 a petition for review with the court of appeals on September 11, 2006, after securing an
12 extension of time to file from the trial court. *Id.*, p. 13. The court of appeals denied review on
13 August 23, 2007. *Id.* Finley filed a petition for review with the Arizona Supreme Court, but
14 the court of appeals rejected the petition on October 25, 2007, as untimely. *Id.*

15       On April 7, 2008, Finley filed the instant Petition for Writ of Habeas Corpus pursuant
16 to Title 28, United States Code, Section 2254. [doc. #1] Finley raises the following claims:
17 (1)(a) the jury was improperly instructed on the element of intent in light of testimony
18 establishing defendant was under the influence of drugs at the time of the offense and (1)(b) she
19 should have been permitted to sign the plea deal, (2) trial counsel failed to properly explain the
20 plea deal, (3) the jury did not determine the facts upon which her sentence was based, (4) the
21 jury was tainted by statements they overheard, (5) the prosecutor mislead the jury by
22 mischaracterizing the evidence, (6) the trial court erred by giving a Pinkerton instruction, (7)
23 the jury was not instructed as to lesser included offenses, (8) uncorroborated hearsay was
24 admitted and witnesses gave conflicting accounts, (9) she was interrogated without the
25 permission of her probation officer or her parents, (10) the trial court tampered with the true bill
26 by deleting the name of her co-conspirator, (11) she was denied her fundamental rights to a fair
27 trial, and (12) the victim died as a result of hospital malpractice. *Id.*

28

The respondents filed an answer arguing the petition is time-barred. In the alterative, they argue all Finley's claims are procedurally defaulted. They further argue ten of Finley's claims are not cognizable in habeas corpus.

Finley filed a reply on December 18, 2008.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the limitation period was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arizona Supreme Court denied Finley's petition for

review on January 17, 1996. *Id.*, p. 6. Finley had 90 days to petition the U.S. Supreme Court for review. Sup. Ct. R. 13. When she did not do so, her judgment became final on April 16, 1996. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

The limitation period did not begin to run immediately because the limitation statute did not become effective until April 24, 1996. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1058 (9th Cir. 2007). All things being equal, the limitations period would have started running the next day and would have expired one year later. *Id.*

Finley's first post-conviction relief proceeding, however, was pending at this time. The limitations period therefore was tolled until October 28, 1996, when the trial court dismissed the first Rule 32 petition. *See* 28 U.S.C. § 2244(d)(2). The limitation period began running the next day, and expired one year later on October 28, 1997. The instant petition was filed on April 7, 2008. It is time-barred.

Finley argues the limitation period should be equitably tolled because she has an I.Q. of 75, she was a juvenile at the time of the offense, and she is unable to pay for legal counsel. The court does not agree[1].

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005). Grounds for equitable tolling under § 2244(d) are "highly fact-dependent." *Laws v. Lamarque* 351 F.3d 919, 922 (9th Cir. 2003).

In this case, Finley argues she is indigent and unable to retain counsel to protect her constitutional rights. Prisoners, however, do not have a generalized constitutional right to legal materials or legal assistance. *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Moreover, Finley has not explained precisely how this lack of legal assistance prevented her from filing a timely petition. She does not claim she had no access to the text of 28 U.S.C. § 2244. She raised most

---

[1] The court assumes without deciding that equitable tolling survives the Supreme Court's ruling in *Bowles v. Russell*, __ U.S.__ , 127 S.Ct. 2360 (2007). *See, e.g., Diaz v. Kelly*, 515 F.3d 149, 153-54 (2nd Cir. 2008).

of her instant claims in her pro se appeal to the Arizona Supreme Court and in her first Rule 32 post-conviction relief petition. (Respondents' answer, Exhibits J, W.) Accordingly, she knew the factual and legal bases of most of her claims prior to the expiration of the limitation period and demonstrated an ability to raise these claims before the state courts. Finley has not shown how her lack of legal assistance prevented her from filing a timely petition in federal court. *See, e.g.,Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) ("[Defendant] has not shown any causal connection between his self-representation on direct appeal and his inability to file a federal habeas application.").

Finley further argues she is entitled to equitable tolling due to her young age[2] and limited I.Q. level. She does not, however, explain precisely how these factors prevented her from filing a timely petition. As the court observed above, Finley discovered the factual and legal bases for her claims well before the limitation period expired. The legal briefs Finley filed during this period are not a model of clarity, but they are understandable. *See* (Respondents' answer, Exhibits J, W). Accordingly, it does not appear her young age or limited I.Q. prevented her from filing a timely petition. Equitable tolling is not appropriate here. *See, e.g., Gaston*, 417 F.3d at 1034-35; *Lawrence v. Florida*, 421 F.3d 1221, 1226 -1227 (11th Cir. 2005).

Finley further argues the limitation period for her hearsay claim began not when the judgment became final but on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). She maintains her claims are based on the newly decided Supreme Court cases *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004) and *Danforth v. Minnesota*, __ U.S. __ , 128 S.Ct. 1029 (2008). The court does not agree.

Finley's petition does not rely on these cases for legal support. Moreover, even if it did, neither case recognizes a new federal constitutional right that has been made retroactively applicable to cases on collateral review. The rule in *Crawford* is not retroactively applicable

---

[2] Finley was 17 years old when the offense was committed. (Respondents' answer, p. 25.) She was 22 years old when the limitation period expired. *Id.*

- 6 -

in federal habeas proceedings. *Whorton v. Bockting*, __ U.S. __ , __ , 127 S.Ct. 1173, 1177 (2007). *Danforth* holds that the states may make *Crawford* retroactive in state post-conviction relief proceedings even if it is not applicable in federal habeas corpus. *Danforth v. Minnesota*, __ U.S. __ , 128 S.Ct. 1029 (2008). *Danforth* does not create a new federal constitutional right.

Finley further argues the limitations period for her ineffective assistance claim began on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). Specifically, she maintains she did not discover the legal basis for her claim until she talked to other prison inmates and became aware of the cases, *State v. Donald* and *Nunes v. Mueller*. (Petitioner's reply, p. 12); *See State v. Donald*, 198 Ariz. 406 (App. 2000) (Post-conviction relief petition was erroneously dismissed where petitioner alleged he rejected a plea agreement only because trial counsel failed to properly explain its relative merits.); *Nunes v. Mueller*, 350 F.3d 1045, 1056 (9th Cir. 2003) (Habeas relief granted where petitioner alleged his counsel "failed to convey the correct plea bargain and that he suffered prejudice as a result."). Finley incorrectly interprets the operation of this subsection.

Section 2244(d)(1)(D) triggers the limitation period when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The term "factual predicate" refers to the facts underlying a claim, not the legal significance of those facts. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001).

In this case, Finley argues the limitation period was triggered when she discovered the legal basis for her clam. She is incorrect. The limitation period is not delayed until the time the petitioner discovers her legal theory. *See also Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005), *cert. denied*, 546 U.S. 1171 (2006) ("[A] state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim.").

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus. [doc. #1] It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 13th day of January, 2009.

_____
Glenda E. Edmonds
United States Magistrate Judge