**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| TASHA R. FINLEY,<br><br>         Petitioner,<br><br>  v.<br><br>DORA B. SCHRIRO, et al.,<br><br>         Respondents. | No. CV-08-0676-PHX-GMS (GEE)<br><br>**ORDER** |

Pending before the Court is the Petition for Writ of Habeas Corpus of Petitioner Tasha Finley, filed pursuant to 28 U.S.C. § 2254. (Dkt. # 1.) On January 13, 2009, Magistrate Judge Glenda E. Edmonds issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed. (Dkt. # 23.) Petitioner filed objections to the R&R. (Dkt. ## 24, 25.) For the following reasons, the Court adopts the R&R of Magistrate Edmonds and dismisses the Petition with prejudice.

**BACKGROUND**

On January 26, 1994, Petitioner was found guilty of first-degree murder, attempted armed robbery, first-degree burglary, kidnapping, and conspiracy to commit armed robbery. (Dkt. # 12 Ex. D.) On March 10, 1994, Petitioner was sentenced to lifetime imprisonment

without the possibility of parole for 25 years pursuant to her first-degree murder conviction. (*Id.* Ex. E.) Petitioner was also sentenced to 7.5 years pursuant to her attempted armed robbery conviction, 10.5 years pursuant to her first-degree burglary conviction, 10.5 years pursuant to her kidnapping conviction, and seven years pursuant to her conspiracy to commit armed robbery conviction, each to run concurrently with the other sentences. (*Id.*) On February 28, 1995, the Arizona Court of Appeals reversed Petitioner's kidnapping conviction and affirmed the remaining convictions and sentences. (*Id.* Ex. I.) The R&R sets forth the factual and procedural background of this case, to which neither party objected. Accordingly, the Court adopts this background as an accurate recital.

In this § 2254 action, Petitioner asserts twelve different grounds for relief. (*See* Dkt. # 1.) Magistrate Edmonds recommended that the Petition be dismissed because the Petition is time-barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

**STANDARD OF REVIEW**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection."

- 2 -

*Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made.").

## DISCUSSION

Petitioner filed objections to the R&R pursuant to 28 U.S.C. § 636(b)(1). (Dkt. # 24.) Having conducted a *de novo* review of the record on all relevant matters, the Court rejects Petitioner's objections to the R& R.

The AEDPA, 28 U.S.C. § 2244 *et seq.*, applies to this case because Petitioner's federal Petition was filed after the AEDPA's effective date. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 (9th Cir. 2003). The "AEDPA imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners in federal court." *Id.* (citing 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to [a petition] for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.")). The limitation period generally begins to run when the state conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A); *see White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) ("Under the AEDPA . . . a state prisoner must file his federal habeas corpus petition within one year of the date his state conviction became final."). However, while the date a conviction becomes final is the normal commencement date for the habeas limitations period, the statute does provide an exception for claims arising from changes in the law. Section 2244(d)(1)(C) provides that the period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

While Petitioner does not object to the conclusion that she is time-barred if the limitations period commenced when her conviction became final, Petitioner contends that she is entitled to a later start date under § 2244(d)(1)(C) due to a "new rule" announced by the Supreme Court in *Crawford v. Washington*, 541 U.S. 36 (2004) and *Danforth v. Minnesota*, __ U.S. __, 128 S. Ct. 1029 (2008). (Dkt. # 24 at 1-2.) The Court, however, agrees with Magistrate Edmonds' conclusion that neither *Crawford* nor *Danforth* announced a new retroactive rule within the purview of § 2244(d)(1)(C). As Magistrate Edmonds explained, *Danforth* addresses only whether a state may extend broader effect to a new rule than does federal retroactivity law. (*See* Dkt. 23 at 7); *see also Danforth*, 128 S. Ct. at 1031 (holding that "neither *Linkletter* [*v. Walker*, 381 U.S. 618 (1965),] nor *Teague* [*v. Lane*, 489 U.S. 288 (1989),] explicitly or implicitly constrained the States' authority to provide remedies for a broader range of constitutional violations than are redressable on federal habeas"). While the Supreme Court held, in *Danforth,* that "*Crawford* announced a 'new rule' – as defined by *Teague*,"*Danforth*, 128 S. Ct. at 1031, the Court unambiguously held in *Whorton v. Blocking* that the Court's decision in *Crawford* "is [not] retroactive to cases already final on direct review," 549 U.S. 406, 407-09 (2007) ("*Crawford* announced a new rule of criminal procedure that does not fall within the *Teague* exception for watershed rules."). Therefore, Petitioner's objection is rejected and her claims are otherwise time-barred because her one-year limitations period under the AEDPA expired on October 28, 1997. (*See* Dkt. 23 at 5.)

Petitioner also appears to argue that some of her claims are of "sufficient constitutional magnitude" such that the "state must show that defendant knowingly,

- 4 -

voluntarily, and intelligently waived the claim." (Dkt. # 24 at 2.) Specifically, Petitioner argues that she "cannot waive claims of ineffective assistance which were previously ignored in her first notice." (*Id.*) It appears that Petitioner is referencing the "sufficient constitutional magnitude" exception, *see* Ariz. R. Crim. P. § 32.2 cmt., to the general rule that a defendant may not raise any ground for relief in a Rule 32 petition that could have been raised in the direct appeal or other collateral proceeding, *see* Ariz. R. Crim. P. § 32.2. While the Court recognizes the existence of this exception under Arizona Rules of Criminal Procedure, it does not abrogate or modify the limitations period prescribed by 28 U.S.C. § 2244(d) for filing federal habeas claims. *See* 28 U.S.C. § 2244(d); Ariz. R. Crim. P. § 32.2. Therefore, to the extent that Petitioner argues that her claims are immune from § 2244(d) because they can only be waived knowingly, voluntarily, and intelligently, she is incorrect.

Finally, Petitioner argues that her lack of understanding of the legal system and her lack of access to legal materials prevented her from filing a timely habeas petition. (Dkt. # 25 at 1.) These arguments in support of equitable tolling, however, were already addressed by Magistrate Edmonds and are insufficient to toll the limitations period from October 28, 1997, the date on which the one-year limitations period expired, to April 7, 2008, the date on which the Petition was filed with the Court. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("[The petitioner] is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institutions's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers."). In respect to access to legal materials, Magistrate Edmonds noted that "Prisoners . . . do not have a generalized constitutional right to legal materials or legal

assistance." (Dkt. # 23 at 5 (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996).) Moreover, "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Shoemate v. Norris*, 390 F.3d 595, 598 (9th Cir. 2004) (holding that a prisoner's misunderstanding of the law is insufficient to justify equitable tolling).

In addition, Petitioner has not shown that her lack of understanding of the legal system or limited access to legal materials were "but for and proximate cause[s]"of her delay in filing her federal habeas petition. *Allen v. Lewis*, 255 F.3d 798, 800-01 (9th Cir. 2001); *see also Espinoza-Matthews v. California*, 448 F.3d 1150, 1154 (9th Cir. 2006). Even if she could, however, a federal habeas petitioner seeking equitable tolling must also demonstrate that she "has been pursuing [her] rights diligently," *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and no such diligence is discernable from the record. Indeed, it appears that Petitioner took no action whatsoever during a six-year period between the denial of her untimely second Rule 32 petition (Dkt. # Exs. Z, AA) and her third Rule 32 petition (*Id.* Ex. BB). Accordingly, Petitioner's arguments fail.

## CONCLUSION

Because Petitioner filed her habeas petitioner beyond the AEDPA limitations period, and because she is not entitled to statutory or equitable tolling, her federal habeas petition is barred. Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. # 23) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus (Dkt. # 1) is

1 | **DISMISSED WITH PREJUDICE**.

DATED this 30th day of January, 2009.

*G. Murray Snow*
United States District Judge